# COURT OF APPEALS.

## THOMAS M. TYNG agt. THE UNITED STATES SUBMARINE AND TORPEDO BOAT COMPANY.

*This court will not review the facts in a case brought before it on appeal.*

Where it is seen that the report of the referee in the case is not entirely without evidence, that he has seen fit to credit one witness rather than another when there was a conflict between them, and has drawn from all the evidence the inferences that seemed to him just, this court cannot review his conclusions of fact, notwithstanding they may think he erred or they might have differed from him.

Where the evidence is susceptible of different inferences and conclusions, this court is concluded by the decision of the court of original jurisdiction

*May*, 1875.

THE defendant was a corporation organized under the general mining and manufacturing laws of the state of New York, and was the owner of a valuable invention known as the American submarine and torpedo boat, and of all the patents that were or were to be issued covering and protecting the same.

The plaintiff was, in the year 1866, the secretary and treasurer of that corporation, and while holding such office advanced, out of his own moneys, the sum of $2,853.63, to pay for certain patents issued on said invention.

Such moneys so advanced by him having never been repaid by the corporation, this action was commenced in the year 1867, the complaint declaring as for money paid for the use and benefit of the defendant and at its request.

Tyng agt. United States Submarine and Torpedo Boat Co.

The action was referred to Andrew J. Smith, attorney at law of this city, to hear and determine, who found that no part of this money was paid out by the plaintiff at the request of or for this defendant, but that it was an individual matter between the plaintiff and one Clark, the president of the corporation.

The referee thereupon directed the dismissal of the complaint upon the merits, and ordered judgment in favor of the defendant for costs, and the judgment so ordered was affirmed by the general term of the first department.

An appeal was thereupon taken to the court of appeals.

*T. Mitchell Tyng,* for plaintiff and appellant.

*F. J. Fithian,* for defendant and respondent.

ALLEN, *J.* — Were the facts before us for review I should incline to a reversal of the judgment, upon the ground that the evidence very decidedly preponderated in favor of the plaintiff and his claim that the money was advanced by him for and at the request of the defendant.

The circumstances and all the evidence very clearly show that the patents could not have been obtained for any person or association other than the defendant, which alone would be the legal owner of them, and entitled to all the benefits that would accrue from them.

It is also very evident that the president of the defendant and the other managing trustees had full knowledge of and sanctioned the proceedings of the plaintiff, and that all were, in truth, concurring in his acts; and that after the work had been performed and the money advanced, upon a formal report being made to the board of trustees in actual session, there was an assent to and an adoption of the acts, and an implied acknowledgment of the obligation of the defendant to the plaintiff for the moneys by him paid in procuring the patents.

Neither upon this occasion nor subsequently, when repeatedly notified to attend meetings of the trustees — called in terms for the purpose of providing means to recompense the plaintiff, was there an intimation by the president or any trustee that the plaintiff had acted without authority from the defendant, or in any other interest, or that the corporation was not legally liable to pay the money expended for the purpose named.

It is true that some of the acts of the plaintiff and the form of his accounts with Clark, the president, they being the principal shareholders of the company, furnish slight evidence that Clark and the plaintiff regarded the transaction as their individual matter. But they are all capable of explanation consistent with the theory upon which the action is brought.

The evidence of Mr. Clark is in conflict, to some extent, and as to material facts, with that of the plaintiff, but he exhibits singular defects of memory, and his evidence is not in all respects consistent with itself and the circumstances of the case, and the documentary evidence tends in my judgment strongly to confirm the statements of the plaintiff, and all the probabilities are in that direction.

But it cannot be said that the report of the referee is entirely without evidence. The referee has seen fit to credit the one witness rather than the other when there was a conflict between them, and has drawn from all the evidence the inferences that seemed to him just, and we cannot review his conclusions of fact, notwithstanding we may think that he erred, or we might have differed from him. The evidence was susceptible of different inferences and conclusions, and when that is the case, this court is concluded by the decision of the court of original jurisdiction.

I regret that I have been unable to find an exception upon which to reverse this judgment. The objection that the report of the referee is inconsistent in this: that in one part he finds that all the money was advanced by the plaintiff,

and in another part that it was advanced by plaintiff and Clark, is not material for the reason that his finding that no part of it was advanced at the request of or for the defendant, is fatal to the action.

I concur in the views taken by judge DANIELS of the legal propositions overruled.

The judgment must be affirmed.

All concur, except GROVER and MILLER, JJ., absent.